IN THE MATTER OF EFFIE MAE MORRIS, ADMINISTRATRIX OF THE ESTATE OF JOSEPH ROBERT COLLIE, DECEASED.

(Filed 4 November, 1964.)

**Executors and Administrators § 5—**

Where it appears that the executrix and sole beneficiary of one estate is also appointed administratrix of another estate having a chose which she claims had been assigned by her intestate to her testator, there is a conflict of interest justifying her removal as administratrix and the appointment of a successor administrator, but conflicting claims to the chose must be litigated prior to any final accounting.

APPEAL by respondent Effie Mae Morris from an order of *Hobgood, J.*, entered in Chambers in LOUISBURG on May 30, 1964.

The record disclosed (by stipulation) that Joseph Robert Collie, a resident of Franklin County, died intestate on February 1, 1962, leav-

ing Annie Hazel Collie, widow, and seven children, one of whom was under age but has been represented by guardian *ad litem* in this proceeding. On February 23, 1962, Effie Mae Morris presented to the Clerk of the Superior Court a paper writing signed in the name of the widow renouncing her right to administer on her husband's estate and recommending that Effie Mae Morris be appointed administratrix. The clerk made the recommended appointment and issued letters of administration.

The record here does not disclose any return or account filed by Effie Mae Morris, Administratrix. Her reasons for such failure are disclosed by her answer to a petition filed by the widow asking the court to remove her and to revoke her letters of administration. Motion to remove is based on two grounds: (1)   Effie Mae Morris secured the movant's renunciation by fraud, and (2)   as administratrix "she has willfully, unlawfully and feloniously converted to her own use . . . $11,075.55 (the proceeds of an insurance policy on the life of Joseph Robert Collie) in an attempt . . . to deal with herself as administratrix." The widow filed the petition for removal on February 11, 1964. The clerk issued notice to show cause why the demand for removal should not be granted.

In response to the show cause notice, Effie Mae Morris filed a verified answer in which she denied fraud in obtaining appointment as administratrix. She replied to the charge of having converted the proceeds of the insurance policy to her own use in great detail. Here is the substance of her explanation: John C. Matthews died in Franklin County on August 6, 1957, leaving a last will devising all his property to his wife, Mattie Lou Matthews, and appointing the respondent as his executrix. Among his assets was an indebtedness of $15,000.00 due by Joseph Robert Collie. To the evidence of this indebtedness was attached the insurance policy on the life of Joseph Robert Collie duly assigned to Matthews as security for Collie's indebtedness. Mattie Lou Matthews died (date not disclosed). Her will was probated in Franklin County on June 5, 1958. In the will she bequeathed and devised all her property to the respondent and appointed her executrix of the will. So that, according to the respondent's contentions, she became the owner of the Collie indebtedness to John C. Matthews, including the insurance policy. Respondent further alleged that she contacted the insurance company, which required the endorsement of the personal representatives of the Collie Estate and of the Matthews' Estates before payment would be made and for that reason she qualified as administratrix of the Collie Estate.

After hearing, the Clerk removed Effie Mae Morris as Administratrix of the Collie Estate and ordered that she turn over to the succes-

sor administrator "all assets coming into her hands as such administratrix." The respondent appealed to the Judge of the Superior Court. After a hearing, Judge Hobgood "approved and affirmed in every respect" the order of the clerk removing Effie Mae Morris as Administratrix of the Collie Estate and ordered and directed her "to turn over all assets coming into her hands as such administratrix," to W. H. Taylor, successor administrator. The respondent appealed.

*Gaither M. Beam, Hobart Brantley for respondent appellant.*
*W. H. Taylor, E. C. Bulluck for petitioner appellee.*

HIGGINS, J.   The allegations and contentions of the parties as detailed in the foregoing statement of facts are sufficient to show a genuine controversy involving the ultimate right to the proceeds of the insurance policy on the life of Joseph Robert Collie. As Administratrix of the Collie Estate and as the executrix of the Estates of John C. Matthews and of Mattie Lou Matthews, and as sole beneficiary of the latter, Effie Mae Morris occupies positions in which the interests are conflicting. Her counsel admit this conflict justifies her removal as Administratrix of the Collie Estate.

The order of Judge Hobgood approving the clerk's removal of Effie Mae Morris as administratrix and appointing W. H. Taylor successor administrator is affirmed. Effie Mae Morris must account to the successor administrator for all assets of the estate which came into her hands as administratrix. However, a final accounting must await the resolution of the controversy between the Collie Estate and Effie Mae Morris as executrix and beneficiary of the Matthews' wills involving the proceeds of the insurance on Mr. Collie's life. If it be determined that the proceeds of the insurance policy belong to the Collie Estate, then Effie Mae Morris and her bondsman must account therefor to the successor administrator. ·

We think, however, Judge Hobgood's order contemplates that the parties by agreement or by litigation will settle their conflicting claims to the insurance before any final accounting is required as to that fund. As so understood, Judge Hobgood's order is
    Affirmed.